Robert BENNETT, Linda Bennett, John Stewart, Phyllis Stewart, Jim Fountain, Ladonna Fountain, Marion Biondo, Mary Pat Biondo, Vick Bland and Gail Bland, Appellants,

v.

Jack P. HUWAR and Debra S. Huwar, and Community Bank of Raymore, Respondents.

No. WD 42926.

Missouri Court of Appeals, Western District.

July 31, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 2, 1990.

Application to Transfer Denied Nov. 20, 1990.

Joe F. Willerth, Cochran, Kapke, Willerth & Overman, Independence, for appellants.

John C. Milholland, Harrisonville, for respondent Huwar.

Guy G. Rice, Independence, for respondent Community Bank.

Before LOWENSTEIN, P.J., and CLARK and FENNER, JJ.

CLARK, Judge.

This is a suit for injunction seeking to prohibit respondents from constructing and maintaining a residence building on a subdivision of land in Cass County without first complying with the subdivision restrictions which require approval of building plans by a property owners architectural control committee. The underlying facts of the case are reported in the opinion rendered in a prior appeal of the same case appearing at *Bennett v. Huwar*, 748 S.W.2d 777 (Mo.App.1988).

When this case was originally presented to the trial judge, the issue upon which the court rendered judgment was whether respondents' "earth contact home," presenting the appearance of a basement house from the street frontage with only the roof

above ground, was in harmony with the surroundings in which other residential structures were of conventional design. The architectural control committee found the plans submitted by respondents not to propose a structure in harmony with the surroundings and approval was denied. Despite the denial of approval by the committee, respondents undertook to proceed with construction of the building and this suit for injunction followed.

■ In the previous opinion rendered in the case, this court held the trial court to have erred when it denied the appellants' prayer for injunction based on the trial court's determination that respondents' earth contact home was in harmony with surroundings in the subdivision. The holding was based on the law of prior cases which enforce restrictive covenants vesting in committees or boards the power to reject proposed construction which is inconsistent within a given area. The mere fact that a court may disagree with the committee's conclusion does not entitle the court to substitute its judgment for that of the committee if approval is not unreasonably withheld. *See LeBlanc v. Webster*, 483 S.W.2d 647 (Mo.App.1972); *Melson v. Guilfoy*, 595 S.W.2d 404 (Mo.App.1980); *Ashelford v. Baltrusaitis*, 600 S.W.2d 581 (Mo.App. 1980); *Marose v. Deves*, 697 S.W.2d 279 (Mo.App.1985); *Bennett v. Huwar*, 748 S.W.2d 777 (Mo.App.1988).

In this case, there was no claim that the architectural control committee unreasonably withheld its approval, only that the trial court disagreed with the committee on the issue of whether respondents' proposed structure was in harmony with the residential development in the subdivision. On this account, the prior opinion reversed the trial court's judgment and remanded the case with directions to grant appellants' petition seeking an injunction.

When the trial court again took up the cause on remand, it did not issue the injunction as sought by appellants. Instead, it entertained and sustained a motion by respondents to join the Community Bank, the Huwar's mortgage lender, as an additional party to the case, received additional pleadings including counterclaims by respondents seeking affirmative relief against appellants and ultimately rendered its judgment again denying injunctive relief to appellants. This appeal followed.

■ Under Missouri law, where an appellate court remands a cause with direction, the trial court is bound to render judgment in conformity with that mandate. *Davis v. J.C. Nichols Co.*, 761 S.W.2d 735, 737 (Mo.App.1988). The mandate must be followed without deviation by the trial court. *Sebree v. Rosen*, 374 S.W.2d 132, 136 (Mo.1964). The trial court is under a duty to render judgment in conformity with the mandate and any proceedings contrary to the mandate are null and void. *Davis*, 761 S.W.2d at 737.

■ The mandate issued in this case directed the trial court to grant appellants' petition for injunction and to afford such other relief as was appropriate consistent with the views expressed in the opinion. Those views included observations that various methods might be available to bring respondents' construction in harmony with the surroundings to the end that approval of the structure by the committee would be forthcoming. Such other relief, however, could only comply with the mandate if encompassed within the issuance of the injunction as directed. It is beyond argument that the trial court's order denying outright appellants' petition for injunction runs in contravention of the remand order and is therefore beyond the scope of the trial court's jurisdiction to act.

Respondents and the intervenor point out at some length in their briefs that upon remand the trial court was presented evidence on various issues, including the status and the capacity of members of the subdivision architectural control committee, all of which demonstrated that had such evidence been adduced prior to the first appeal, a different result would have followed. They contend, in effect, that even if the original judgment by the trial court was in error based on the issues and evi-

**514**

dence then of record, the new evidence and claims presented after remand support the second judgment which denied injunctive relief.

The problem with respondents' contention, the merits of which we do not reach, is that the mandate in this case did not remand the cause for a new trial or for any other proceedings except those consistent with the primary direction to issue the injunction sought by appellants. All other proceedings, including the entry of new parties, the filing of new claims for relief and the receipt of evidence to support such claims, were null and void because in excess of the trial court's jurisdiction of the cause under the mandate.

Accordingly, the judgment entered in this case December 15, 1989, sustaining respondents' motion for summary judgment and denying injunctive relief to appellants is reversed. The cause is remanded with direction that the trial court enter its injunction prohibiting respondents from erecting or maintaining a structure on property in Jamison Acres, a subdivision in Cass County, Missouri, unless or until the plans and specifications for such structure have been approved by the subdivision architectural control committee, all as prayed in the amended petition for injunction filed in this cause January 14, 1987, and that the trial court entertain no other or further proceedings except to issue the said injunction. Costs are assessed against respondents Jack P. Huwar and Debra S. Huwar.

All concur.