**CITY OF EXCELSIOR SPRINGS, Missouri, et al., Appellants,**

v.

**ELMS REDEVELOPMENT CORPORATION, et al., Respondents.**

**No. WD 57204.**

Missouri Court of Appeals, Western District.

March 28, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 2000.

Application for Transfer Denied June 27, 2000.

*City of St. Louis v. Barthel*, 256 Mo. 255, 166 S.W. 267, 272 (1914)) (emphasis added). Our ordering the circuit court to dismiss the Gold Key Club members from the condemnation proceedings without giving the circuit court the opportunity to determine whether the Gold Key Club members had a compensable interest was wrong. If the Gold Key Club members have a compensable interest, their interest needs to be litigated in the condemnation proceeding.

Douglas R. Richmond, Michael L. Matula, Kansas City, for appellants.

Angela Green, Julie J. Gibson, Kansas City, for respondents.

Before: EDWIN H. SMITH, P.J., and HOWARD and HOLLIGER, JJ.

EDWIN H. SMITH, Presiding Judge.

The City of Excelsior Springs, Missouri, and Land Clearance for Redevelopment Authority of Excelsior Springs, Missouri, appeal the dismissal with prejudice of their condemnation action against the respondents, with respect to the interest they claim in the Elms Resort Hotel (the Elms). The respondents are the certified defendant class, the Timeshare Holders (the class), consisting of the over 800 Gold Key Club members who had purchased, prior to condemnation, the right to stay at the Elms for one to two weeks each year, and the named class representatives.

In their sole point on appeal, the appellants claim that the trial court erred in dismissing with prejudice, on remand, in *City of Excelsior Springs v. Elms Redevelopment Corp.*, 984 S.W.2d 887 (Mo.App. 1999) (*Elms I*), their condemnation action against the respondents, because it exceeded the authority of this court's mandate therein.

We dismiss for lack of jurisdiction.

### Facts

On August 29, 1995, the appellants filed a petition in the Circuit Court of Clay County to condemn the Elms, along with other property located in the area referred to as the Elms Neighborhood Redevelopment Area. The petition named as defendants all the parties who may have had a compensable interest in the subject property, including nine members of the Gold Key Club as representatives of a class consisting of all the club members. On October 17, 1995, the appellants moved to certify the club members as a defendant class, which motion was sustained. Nonetheless, the circuit court ordered that each class member be notified individually, which the appellants failed to do. Six of the nine class representatives filed answers to the appellants' petition, but only one was assisted by an attorney.

At the same hearing in which the class was certified, the property was condemned

and commissioners appointed to appraise it. The commissioners subsequently assessed the condemned property at $675,-000. On July 31, 1996, the circuit court found that the appellants were the only parties with any interest in the award, with judgment being entered accordingly.

The club members who were not involved in the proceedings apparently did not learn of the condemnation and its effect on their rights until a few months later when they were sent a letter by the Elms's general manager, advising them that their reservations would not be honored after October 31, 1996. This then prompted eleven of the club members to ask the circuit court to set aside its judgment of condemnation as to them, pursuant to Rule 74.06(b),[1] on the ground that the court's actions in establishing the class were void and irregular, which motion was denied on August 26, 1997.

The club members appealed, with their appeal being dismissed as being untimely except with respect to the issue of whether the trial court erred in overruling their Rule 74.06(b) motion. On appeal, the club members claimed that the trial court erred "in refusing to grant their motion to set aside the judgment because they did not have actual notice of the proceedings and were not represented adequately by the class representatives," which violated their due process rights. *Elms I,* 984 S.W.2d at 891. In *Elms I,* this court reversed the judgment of the trial court with respect to the class for a lack of jurisdiction, finding that the condemnation action threatened a property interest of the club members in the subject property and as such, they were entitled to either adequate representation or actual notice of the condemnation action and received neither. *Id.* at 892. On remand, the trial court was directed not only to "set aside the final judgment of condemnation as it applie[d] to the Gold Key Club members," but "to dismiss that

part of the petition which sought to bind the Gold Key Club members in the condemnation action." *Id.* at 894.

On remand, the trial court, after having read *Elms I,* held a hearing on March 18, 1999, to discuss with the parties what it was mandated to do on remand. The appellants, believing that they could cure the irregularities of the first proceeding, filed a motion for leave to amend their petition for condemnation by naming as class representatives the club members who had filed the appeal in *Elms I.* After hearing the parties' arguments, the trial court, although agreeing with the appellants, determined that the express language of this court's mandate in *Elms I* required it to dismiss the appellants' petition with respect to the club members. Accordingly, it overruled the appellants' motion for leave to amend their petition and ordered the appellants' petition dismissed with prejudice as to the respondents.

This appeal follows.

### I.

In their sole point on appeal, the appellants claim that the trial court erred in dismissing, on remand in *Elms I,* their condemnation action against the respondents, because in doing so it exceeded its authority as granted to it by this court's mandate in that case. In essence, what the appellants are contending is that the trial court lacked the jurisdiction to dismiss their petition as to the respondents and, as such, its action was void. Although we agree with the appellants that the trial court lacked the jurisdiction to do what it did, we do so on other grounds.

In *Elms I,* the class members appealed to this court the judgment of the trial court finding that they did not have an interest in the award with respect to the condemnation of the Elms. Specifically, they claimed that the court erred in deny-

---

1. All rule references are to the Missouri Rules of Civil Procedure (1997), unless otherwise indicated.

ing their motion to set aside the judgment against them because it lacked jurisdiction to enter it in that they were not afforded due process for a lack of notice and adequate representation. *Elms I,* 984 S.W.2d at 888, 891. This court agreed, and reversed and remanded with directions, stating in its mandate:

> Now on this [25th day of February, 1999,] the judgment is reversed, and the cause is remanded to the Circuit Court of Clay County for further proceedings in conformity with the Opinion of this Court.

Thus, pursuant to this language of our mandate, the trial court, in determining what it was to do on remand, was bound by the directives found in the opinion of the *Elms I* court. *Sumnicht by Sumnicht v. Sackman,* 968 S.W.2d 171, 174–75 (Mo. App.1998). In this respect, the opinion stated:

> Having determined that the circuit court had no jurisdiction because of lack of due process to bind the Gold Key Club members to the final judgment of condemnation, we remand the case to the circuit court to set aside the final judgment of condemnation as it applies to the Gold Key Club members and ***to dismiss that part of the petition which sought to bind the Gold Key Club members in the condemnation action.*** Should the Gold Key Club members decide to pursue their interests, they are free to do so.

*Elms I,* 984 S.W.2d at 894 (emphasis added) (citation omitted). As to this portion of the court's opinion, the trial court stated for the record, during the March 18, 1999, hearing to determine the requirements of the court's mandate:

> I'm going to talk strictly about the conclusion [of *Elms I* ]. I agree with counsel for the City and the hotel and Millennium that the appropriate way that this matter should be coming down is setting aside part of the judgment, reopening that part of the judgment regarding the rights of the Gold Key Club

members and making sure that they are properly notified, that they have proper representation, and that they have a full hearing in this court and before the commissioners and a full right to establish their financial interest, a determination on that interest and then a subsequent full right to challenge that in a lawsuit before a jury if requested.

> I think that's the way it should happen. Even reading the opinion up until the last paragraph, I think that's the way it should happen.

> But I'll be perfectly honest. I don't have any choice. The Court of Appeals has written in black and white what I have to do and although I totally disagree with it and four lawyers sitting in this courtroom disagree with it, it says what it says, and I have to do what it says here.

From this, it is clear that the trial court interpreted our mandate in *Elms I* as requiring it to dismiss on remand the appellants' petition against the respondents. Given the express directive, *"to dismiss that part of the petition which sought to bind the Gold Key Club members in the condemnation action,"* we obviously cannot quibble with the trial court's interpretation of our mandate. However, for the reasons discussed, *infra,* this does not end our inquiry.

■ "It is well settled that a trial court, on remand, with respect to the issues addressed by the appellate court on appeal, only has that authority granted to it by the appellate court in its mandate." *Sumnicht,* 968 S.W.2d at 174 (citation omitted). "Under Missouri law, where an appellate court remands a cause with direction, the trial court is bound to render judgment in conformity with that mandate. The mandate must be followed without deviation by the trial court." *Bennett v. Huwar,* 797 S.W.2d 512, 513 (Mo.App. 1990) (citations omitted). Recognizing this fact and given the clear directive in *Elms I,* cited, *supra,* the trial court, on remand, despite its well-taken misgivings, dis-

missed with prejudice the appellants' petition as to the respondents. However, given the fact that, while this appeal was pending, the mandate in question was recalled and a new opinion issued in *Elms I* on March 28, 2000, *City of Excelsior Springs v. Elms Redevelopment Corp.*, 18 S.W.3d 53 (Mo.App. 2000), the mandate on which the trial court relied in dismissing the appellants' petition against the respondents is void, *ab initio*. Hence, in determining whether the trial court exceeded its authority on remand by dismissing the appellants' petition against the respondents, we are required to look at the existing and controlling mandate and opinion of this court.

In the most recent and controlling opinion of this court in *Elms I*, we direct the trial court on remand "to set aside the final judgment of condemnation and to reconsider its decision in light of the Gold Key Club members' interests. It shall conduct such further proceedings as it deems necessary." *Elms I*, at 61 (footnote omitted). In an accompanying footnote, the court referred to its language in the recalled opinion, stating:

> The purpose of a condemnation proceeding is " 'to ascertain and acquire title to the land sought for [public] purposes and *to foreclose all outstanding claims and interests that are, or may be, asserted thereto by others.'* " *City of Columbia v. Baurichter*, 713 S.W.2d 263, 266 (Mo. banc 1986) (quoting *City of St. Louis v. Barthel*, 256 Mo. 255, 166 S.W. 267, 272 (1914)) (emphasis added). Our ordering the circuit court to dismiss the Gold Key Club members from the condemnation proceedings without giving the circuit court the opportunity to determine whether the Gold Key Club members had a compensable interest was wrong. If the Gold Key Club members have a compensable interest, their interest needs to be litigated in the condemnation proceeding.

■ Not only has the "dismissal" language from our prior mandate been deleted, but we now specifically direct the trial court to conduct further proceedings to determine what interest, if any, the class members had in the condemned property. As such, under the present and controlling mandate, not only is the trial court *not* directed on remand to dismiss the appellants' petition as to the respondents, but is expressly directed to determine their interest in the property. Hence, in dismissing with prejudice the appellants' petition against the respondents, the trial court has exceeded the authority granted to it by the present and controlling mandate and opinion of this court in *Elms I*, rendering, after the fact, its dismissal void. *Sumnicht*, 968 S.W.2d at 174; *Bennett*, 797 S.W.2d at 513. Because the action of the trial court in dismissing the appellants' petition against the respondents is void, we lack jurisdiction to address the merits of this appeal and must dismiss, *Bellon Wrecking & Salvage Co. v. David Orf, Inc.*, 983 S.W.2d 541, 549 (Mo.App.1998); *Burch Food Servs., Inc. v. Missouri Div. of Employment Sec.*, 945 S.W.2d 478, 481 (Mo.App. 1997), leaving the trial court to follow our new mandate in *Elms I*, as it is obligated to do.

### Conclusion

The appeal of the circuit court's dismissal of the appellants' petition in condemnation against the respondents is dismissed for lack of jurisdiction.

HOWARD and HOLLIGER, JJ., concur.